IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIKA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>WELLS FARGO ADVISORS, LLC<br><br>        Defendant. | Case No.<br><br>Jury Trial Requested |

## COMPLAINT

Plaintiff Erika Williams ("Williams" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, Stowell & Friedman, Ltd., hereby files this Complaint against Defendant Wells Fargo Advisors, LLC ("Wells Fargo," "Defendant," or "the firm"), and in support states as follows:

### JURISDICTION AND VENUE

1. Plaintiff's claims arise under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., 42 U.S.C. § 1981, and Illinois wage statutes and common law. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b). Defendant is licensed to do business and maintains a number of branch offices in this District and services clients who are residents of this District. Plaintiff Williams is a resident of this District and worked for and was harmed by Wells Fargo in this District. The unlawful conduct alleged in this Complaint occurred in this District and across the United States.

**PARTIES**

3. Wells Fargo & Company, the parent corporation of Wachovia Securities Financial Holdings, LLC, is a publicly-traded, global financial services firm and Fortune 500 corporation incorporated in Delaware, and headquartered in San Francisco. In 2012, Wells Fargo achieved revenues of approximately $86.1 billion and a net income of nearly $18.9 billion and maintained shareholders' equity of nearly $158 billion.[1] Wells Fargo manages approximately $1.2 trillion of client assets and provides a wide variety of financial products and services to its global and domestic clients, who include corporations, governments, financial institutions and individuals.

4. As part of its brokerage, investment advisory, and financial and wealth planning services, Wells Fargo employs more than 15,000 persons nationwide as Financial Advisors to service clients in over 1,375 offices in the United States. Defendant Wells Fargo Advisors, LLC, is registered with the Securities and Exchange Commission ("SEC") as a broker-dealer and with the Commodity Futures Trading Commission ("CFTC") as a futures commission merchant. Wells Fargo Advisors, LLC, and its subsidiaries, are directly and indirectly owned by Wachovia Securities Financial Holdings, LLC, which is a wholly owned subsidiary of Wells Fargo & Company.[2]

5. On January 1, 2009, Wells Fargo & Company completed its merger with Wachovia Corporation, effective December 31, 2008, creating North America's most extensive distribution system for financial services.[3]

6. Plaintiff Erika Williams, a resident of this District, is African American and was employed by Defendant as a Financial Advisor Trainee in its Deerfield, Illinois branch office

---

[1] https://www.wellsfargo.com/downloads/pdf/invest_relations/2012-annual-report.pdf
[2] https://www.wellsfargoadvisors.com/pdf/wfa_statement_of_financial_condition_audited.pdf.

2

from February 2012 until she was constructively discharged in June 2013.

## FACTUAL ALLEGATIONS

7. Wells Fargo has devised a scheme whereby the Firm recruits trainees, called New Financial Advisors ("FAs"), and benefits from their services and the clients they develop and serve, but then can recover most of, or even more than, the New FAs' wages as what the firm disingenuously calls "Training Costs" if these New FAs do not succeed in the worst economy in recent memory or are fired by the firm. This lawsuit challenges this practice on behalf of plaintiff Erika Williams and all other similarly situated Wells Fargo New FAs subjected to this practice.

8. As a condition of employment, Wells Fargo forces New FAs to execute a one-sided and unlawful written agreement that obligates the New FAs to pay Wells Fargo what the firm disingenuously calls "Training Costs." In so doing, Wells Fargo seeks to recover wages earned by New FAs terminated within five years of being hired by the firm. These "Training Costs" are not a legitimate cost recovery measure for costs actually incurred by the firm or for training actually provided to New FAs.

9. In many cases, Wells Fargo seeks to recover more in "Training Costs" than the wages actually earned by and paid to the New FAs, or costs that would result in the New FAs earning less than the minimum wage after working tirelessly as Wells Fargo FAs.

10. Wells Fargo is unjustly enriched by these practices, as the firm receives the benefits and services of the New FAs for wages below minimum wage while providing little or no meaningful training to the New FAs. Worse, after terminating the employment of these new

---

[3] https://www.wellsfargo.com/press/2009/20090101_Wachovia_Merger. Wachovia itself had previously absorbed Prudential Securities in 2003 in addition to A.G. Edwards in 2006.

FAs, Wells Fargo continues to be unjustly enriched, as it retains the clients these new FAs have serviced and have brought to the firm, and the resulting client assets and fees and revenue generated by these clients.

11. Wells Fargo policies and practices regarding these so-called "Training Costs" violate state and federal wage laws and the civil rights of African American New FAs. The practice also constitutes an unlawful kickback under the FLSA that leaves New FAs not earning minimum wage or overtime if they are forced to pay "Training Costs."

12. The experiences of named plaintiff Erika Williams illustrate the unlawfulness and unfairness of the challenged practices. Williams earned her Master's in Business Administration from the University of Chicago in 2008. After obtaining her MBA, Plaintiff gained experience in the financial services and acquired her health and life insurance licenses and Series 7 license.

13. Plaintiff was contacted by a Wells Fargo Diversity Recruiter in 2012 and was recruited by the Firm as part of its efforts to increase its paltry representation of African American FAs. In February 2012, Wells Fargo hired Plaintiff as a New Financial Advisor (or FA Trainee) with a starting annual salary of $45,000.

14. As a prerequisite to employment, Wells Fargo forced Plaintiff to sign a "New Financial Advisor Training Agreement," which required Plaintiff to reimburse $55,500 in "Training Costs" if she left the firm within the first five years of her employment. However, Wells Fargo provided no meaningful training to Williams. On the contrary, Wells Fargo subjected Williams to race discrimination and constructively discharged her from the Firm in June 2013.

15. On September 5, 2013, Lance Slaughter filed a putative class action against Wells Fargo, on behalf of African America Financial Advisors, entitled *Slaughter et al. v. Wells Fargo*

4

*Advisors, LLC*, No. 13-cv-6368, now pending in this Court before the Honorable Harry D. Leinenweber. This action alleges, among other things, that Wells Fargo does not provide equal training and mentoring to African Americans. The same intentionally discriminatory acts alleged in that lawsuit cause further harm to African American New FAs, who fail at a higher rate and do not receive equal benefits of the training contracts. Wells Fargo's "Training Costs" practices disproportionately harm African Americans, who Wells Fargo actively recruits, fails to train, subjects to race discrimination, and then disproportionately terminates. These contract provisions violate 42 U.S.C. § 1981.

16. Notwithstanding Wells Fargo's failure to provide training to Plaintiff, the Firm demanded on February 3, 2014, that Williams repay $50,875 in "Training Costs," an amount that exceeds Plaintiff's $45,000 annual salary.

17. Williams is a putative class representative in *Slaughter et al. v. Wells Fargo Advisors, LLC*, No. 13-cv-6368.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff, on behalf of herself and all others similarly situated, seeks collective action treatment of her claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b).

19. Plaintiff seeks class certification of her claims under state wage laws, Illinois common law, and 42 U.S.C. § 1981 under Rule 23 of the Federal Rules of Civil Procedure on behalf of New Financial Advisors hired by Wells Fargo and forced to execute agreements requiring their repayment of so-called "Training Costs" in the event of their separation from the firm.

20. Plaintiff also seeks to certify and represent a sub-class of African Americans who

worked for Defendant as New Financial Advisors and were forced to execute agreements requiring their repayment of so-called "Training Costs" in the event of their separation from the firm.

21. Plaintiff seeks certification of a liability and injunctive and declaratory relief class under Rule 23(b)(2) and 23(c)(4), and/or certification of a broader class under Rule 23(b)(3). All requirements of class certification are met by the proposed class.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. SECTION 1981

22. Plaintiff, on behalf of herself and those similarly situated, realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count I of this Complaint.

23. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races the same right to make and enforce contracts, regardless of race. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

24. Defendant maintained nationwide uniform, discriminatory employment practices that constitute illegal intentional race discrimination in violation of 42 U.S.C. § 1981.

25. Plaintiff and all those similarly situated were subjected to and harmed by the challenged practices.

26. Defendant's unlawful conduct harmed Plaintiff and all those similarly situated.

27. On behalf of herself and the class she seeks to represent, Plaintiff requests the

relief set forth below.

## COUNT II

### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT, 820 ILCS 115/1 ET SEQ.

28. Plaintiff, on behalf of herself and all those similarly situated, realleges the above paragraphs by reference as though fully stated herein as part of Count II of this Complaint.

29. The Illinois Wage Payment and Collection Act prohibits an employer from taking back wages that have been paid to employees. *Harrell v. U.S.*, 13 F.3d 232, 234 (7th Cir. 1993) ("Once an employee has earned wages by having done the work that under his explicit or implicit employment contract entitles him to those wages, he has a vested right to them.").

30. In seeking reimbursement for "Training Costs," Wells Fargo unlawfully attempts to take back wages in which Plaintiff and all those similarly situated have a vested right, causing them harm.

31. On behalf of herself and the class she seeks to represent, Plaintiff requests the relief set forth below.

## COUNT III

### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW, 820 ILCS 105/1 *et seq.* 29 C.F.R. § 531.35

32. Plaintiff, on behalf of herself and all those similarly situated, realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count III of this Complaint.

33. The Illinois Minimum Wage Law generally requires that employees receive wages of not less than $8.25 per hour. 820 ILCS 105/4(a)(1).

34. The Illinois Minimum Wage Law further requires that applicable employees receive at least one and a half times their normal rate of wages for any hours worked in excess of 40 hours in a week. 820 ILCS 105/4a(1). Plaintiff and all those similarly situated are not exempt from the overtime requirements of the Illinois Minimum Wage Law. *See* 820 ILCS 105/4a(2).

35. Plaintiff and all those similarly situated were recruited by Wells Fargo as Financial Advisor Trainees and earned and were paid wages.

36. Plaintiff and all those similarly situated worked well in excess of 40 hours per week as a Financial Advisor Trainee. However, Wells Fargo failed to compensate Plaintiff beyond her normal rate of pay on weeks she worked over 40 hours.

37. Wells Fargo forced Plaintiff and all those similarly situated to sign an agreement to pay the firm "Training Costs" if they left the Firm within the first five years of employment.

38. Additionally, Wells Fargo charged "Training Costs" pursuant to its employment agreements with Plaintiff. Repayment of training costs has the effect of reducing the net income earned by Plaintiff to below the minimum wage required by 820 ILCS 105/4(a)(1).

39. As a direct and proximate result of Defendant's conduct, Plaintiff and all others similarly situated have been underpaid for the work they performed.

## COUNT IV

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*

40. Plaintiff, on behalf of herself and all those similarly situated, realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count IV of this Complaint.

41. Consistent with the requirements of the FLSA, *see* 29 C.F.R. § 531.35, Wells Fargo was required to pay to Plaintiff and those similarly situated all wages they had earned fully,

unconditionally, and "free and clear" of any claim by Wells Fargo to a set off, kickback or other recoupment. To the extent that Wells Fargo paid Plaintiff and those similarly situated a wage on the condition that Plaintiff pay back "Training Costs" up to $55,500, those wages were paid conditionally and not "free and clear" as required by the FLSA.

42. The Fair Labor Standards Act generally requires that employees receive wages of not less than $7.25 per hour. 29 U.S.C. § 206.

43. The Fair Labor Standards Act further requires that applicable employees receive at least one and a half times their normal rate of wages for any hours worked in excess of 40 hours in a week. 29 U.S.C. § 207. Plaintiff and all those similarly situated are not exempt from the overtime requirements of the Fair Labor Standards Act. *See* 29 U.S.C. § 213.

44. Plaintiff and all those similarly situated worked well in excess of 40 hours per week as a Financial Advisor Trainee. However, Wells Fargo failed to compensate Plaintiff beyond her normal rate of pay on weeks she worked over 40 hours.

45. Additionally, Wells Fargo forced Plaintiff and all those similarly situated to sign an agreement to pay "Training Costs" if they left the Firm within the first five years of employment. Such payment of "Training Costs" reduces the wages of Plaintiff to below the minimum wage required by 29 U.S.C. §206.

46. As a direct and proximate result of Defendant's conduct, Plaintiff and all others similarly situated have been underpaid for the work they performed.

## COUNT V

### UNJUST ENRICHMENT

47. Plaintiff on behalf of herself and all those similarly situated, realleges and incorporates the above paragraphs by reference as though fully stated herein as part of Count V of this Complaint.

48. Plaintiff and other New Financial Advisors, developed and serviced client accounts and assets for Wells Fargo during their tenure for the Firm, which generated revenues for Wells Fargo.

49. After the employment of New FAs was terminated, Wells Fargo retained the client accounts procured by New FAs, which continued to generate fees and revenues for Wells Fargo. The Firm did not compensate the New FAs for the benefits they retained as a result of their work and efforts but instead sought to recover their wages as "Training Costs."

## COUNT VI

### BREACH OF CONTRACT IN VIOLATION OF ILLINOIS COMMON LAW
### (Plaintiff Erika Williams)

50. Plaintiff Erika Williams realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count VI of this Complaint.

51. Defendant offered, and Plaintiff accepted, and employment agreement under which Plaintiff joined Wells Fargo as a New Financial Advisor.

52. In consideration of her employment agreement, Plaintiff provided Defendant with her time and services to acquire accounts, commissions, and revenues for Defendant, and Defendant provided Plaintiff with an annual salary.

10

53. The employment agreements between Plaintiff and Defendant provided that, during her time as a Financial Advisor Trainee, Plaintiff would be enrolled in Defendant's Financial Advisor Training Program to prepare Plaintiff to become a Financial Advisor. The agreement also provided that Defendant's training costs totaled $55,000, which would have to be repaid if Plaintiff's employment with Defendant was terminated for any reason at any time prior to five years of employment.

54. Defendant breached the employment agreement by failing to provide Plaintiff with training. Notwithstanding its failure to train Plaintiff, after Plaintiff was constructively discharged as a result of Defendant's discriminatory policies and practices, Defendant demanded repayment of training costs.

55. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Erika Williams and all others similarly situated respectfully request that this Court find against Defendant as follows:

a. Certify this case for collective and class action treatment;

b. Designate Plaintiff as a Class Representative for the proposed collective and class action and the proposed sub-class, and designate Plaintiff's counsel of record as Class Counsel;

c. Declare that Defendant's conduct, policies and practices are unlawful and violate 42 U.S.C. § 1981, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, the Fair Labor Standards Act, and Illinois common law;

d. Award Plaintiff and all others similarly situated the amount of their losses

suffered;

e. Award Plaintiff and all others similarly situated liquidated damages;

f. Order Plaintiff and all others similarly situated reinstated to their appropriate positions, promotions and seniority, and otherwise make Plaintiff whole;

g. Award Plaintiff and all others similarly situated the value of all compensation and benefits lost and that they will lose in the future as a result of Wells Fargo's unlawful conduct;

h. Award Plaintiff and all others similarly situated compensatory damages, including but not limited to lost future wages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

i. Award Plaintiff and all others similarly situated punitive damages due to Defendant's malice and/or reckless indifference to the federally protected rights of Plaintiff;

j. Award Plaintiff and all others similarly situated prejudgment interest and attorneys' fees, costs and disbursements, as provided by law;

k. Award Plaintiff and all others similarly situated such other make whole equitable, injunctive and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff; and

l. Award Plaintiff and all others similarly situated such other relief as is available under law and this Court deems just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

                                             Respectfully submitted on behalf of Plaintiff and those similarly situated,

                                             s\ Suzanne E. Bish

                                             STOWELL & FRIEDMAN LTD.

Linda D. Friedman
Suzanne E. Bish  (#06242534)
George S. Robot
STOWELL & FRIEDMAN LTD
303 W. Madison
Suite 2600
Chicago, Illinois  60606
(312) 431-0888

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

I, Erika D. Williams, hereby consent to be a party plaintiff seeking unpaid wages and overtime, among other claims, against Wells Fargo Advisors, LLC as is set forth in this Complaint. For purposes of pursuing these claims, I choose to be represented by Stowell & Friedman, Ltd.

Date: March 20, 2014

Erika D. Williams