## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ERIKA WILLIAMS, JAMES TULLY, WALTER RICHARDSON, and MICHAEL FRANK, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-1981 |
| Plaintiffs, | Honorable John J. Tharp Jr. |
| v. | Jury Trial Requested |
| WELLS FARGO ADVISORS, LLC | |
| Defendant. | |

**PLAINTIFFS' MOTION IN SUPPORT OF PROVISIONAL CLASS CERTIFICATION; PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; AND APPROVAL AND DISTRIBUTION OF NOTICE OF SETTLEMENT**

Pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b), Plaintiffs, by and through their

attorneys, Stowell & Friedman, Ltd. and The Wood Law Office, LLC ("Plaintiffs' Counsel"),

and without opposition from Defendant Wells Fargo Advisors, LLC ("Defendant"), respectfully

submit to the Court the parties' proposed class settlement agreement ("Settlement") attached as

Exhibit 1 hereto.  For the reasons stated herein and in the accompanying memorandum, Plaintiffs

request that the Court grant conditional class certification and preliminary approval to the class

action settlement; appoint class counsel and the class representatives; and approve the content

and distribution of notice.  In support, Plaintiffs state as follows:

1.      After extensive negotiations, the parties reached a Settlement that provides

important injunctive relief ending Defendant's practice requiring Financial Advisor ("FA")

Trainees in its Private Client Group New Advisor Training Program to agree to repay so-called

"training costs" up to $55,500, relieving and releasing Class Members from any obligation to pay

such "training costs."  The Settlement also provides for a $3,500,000 common fund, with no

reversion to Defendant, to compensate Class Members for monetary losses relating to the

practices the lawsuit challenges, including wage and hour violations under the FLSA and other

states' laws (*e.g.*, for failing to pay wages free and clear and/or failing to pay minimum wage and

overtime).

      2.      Pursuant to Rule 23, Plaintiffs move to provisionally certify a Settlement Class

comprised of five sub-classes:

(1)  an **FLSA Collective** of FA Trainees employed by Defendant in the United States at any time between November 4, 2011, and December 31, 2016, ("the FLSA Collective") represented by Plaintiffs Williams, Richardson and Frank;

(2)  an **Illinois Class** of FA Trainees employed by Defendant in Illinois at any time between January 1, 2009, and December 31, 2016, ("the Illinois Class") represented by Plaintiff Williams;

(3)  a **Florida Class** of FA Trainees employed by Defendant in Florida at any time between November 4, 2009, and December 31, 2016, (the "Florida Class") represented by Plaintiff Tully;

(4)  a **California Class** of FA Trainees employed by Defendant in California at any time between November 4, 2010, and December 31, 2016, ("the California Class") represented by Plaintiff Richardson; and

(5)  a **New York Class** of FA Trainees employed by Defendant in New York at any time between January 1, 2009, and December 31, 2016, ("the New York Class") represented by Plaintiff Frank.

      3.      Federal Rule of Civil Procedure 23(e) requires court approval of any settlement

that effects the dismissal of a class action.  But at this stage, for preliminary approval, the Court

must only determine whether the proposed settlement classes satisfy Rule 23 and whether the

proposed settlement is "within the range of possible approval." *In re NCAA Student-Athlete*

*Concussion Injury Litig.*, 314 F.R.D. 580, 588 (N.D. Ill. 2016).

      4.      Although the sub-classes involve claims under the FLSA's collective action

mechanism and Rule 23 classes, courts evaluate the propriety of a settlement under Rule 23's

factors.  *See, e.g., Zolkos v. Scriptfleet, Inc.*, No. 1:12-cv-08230, 2015 U.S. Dist. LEXIS 91699, at *7 (N.D. Ill. July 13, 2015) (certifying state wage claims for final approval under Rule 23 and then certifying FLSA collective for settlement purposes only without additional analysis); *see also McCue v. MB Fin., Inc.*, No. 1:15-cv-00988, 2015 U.S. Dist. LEXIS 28151, at *9 (N.D. Ill. Mar. 6, 2015) (certifying state wage claims for preliminary approval under Rule 23 and then certifying FLSA Collective based on same policy without additional analysis).

5.    As explained in more detail in Plaintiffs' accompanying memorandum, the Settlement Class and each component class meets all of the requirements for certification under Federal Rule of Civil Procedure 23(a) and Rule 23(b)(2) and (b)(3).

6.    Plaintiffs Erika Williams, James Tully, Walter Richardson, and Michael Frank have diligently represented and worked for the benefit of the FLSA Collective and/or their respective state law classes and are appropriate Class Representatives.

7.    Linda D. Friedman, Suzanne E. Bish, George S. Robot, and J. Bryan Wood are experienced counsel in class action and employment litigation who have been appointed as class counsel by courts in this District, and are qualified to serve as Class Counsel.

8.    Because of Plaintiffs' and Counsels' efforts on their behalf, the Settlement Agreement provides meaningful injunctive relief to Class Members by, among other things, relieving them of contractual obligations to repay up to $55,000, and by establishing a $3.5 million common fund (with no reversion to Defendant) to compensate class members for unpaid wages and damages relating to Defendant's attempts to recoup training costs.  The Settlement was the product of extensive negotiations involving an experienced mediator and was not the product of collusion.  The notice fairly and adequately informs class members of their rights and options and therefore meets the requirements of due process.

9.      Accordingly, for the reasons stated herein and in the accompanying memorandum in support of the instant Motion, the Court should grant preliminary approval of the proposed Settlement Class and sub-classes and order the proposed notice to issue in the manner agreed by the parties as described in their Settlement Agreement.

## CONCLUSION

For all the foregoing reasons, Plaintiffs – without opposition – respectfully request that the Court issue the proposed order attached as Exhibit 1 which, among other things:  (1) certifies the Settlement Class and each component class; (2) preliminarily approves the proposed class action settlement; (3) approves and directs distribution of notice of settlement to the class; (4) appoints Plaintiffs Erika Williams, James Tully, Walter Richardson, and Michael Frank as Class Representatives, and Linda D. Friedman, Suzanne E. Bish, George S. Robot, and J. Bryan Wood as Class Counsel; and (5) establishes a schedule for the final approval process.

Dated: July 13, 2017

Respectfully submitted,
**STOWELL & FRIEDMAN, LTD.**

By:    /s/ *Suzanne E. Bish*
          Suzanne E. Bish

Linda D. Friedman
Suzanne E. Bish
George S. Robot
STOWELL & FRIEDMAN, LTD.
303 W. Madison, Ste. 2600
Chicago, Illinois 60606
(312) 431-0888 (tel)
(312) 431-0228 (fax)

J. Bryan Wood (ARDC # 6270845)
THE WOOD LAW OFFICE, LLC
303 W. Madison, Ste. 2650
Chicago, Illinois 60606
(312) 554-8600 (tel)
(312) 577-0749 (fax)

## CERTIFICATE OF SERVICE

I, Suzanne E. Bish, an attorney, hereby certify that on July 13, 2017, I filed the foregoing *Motion in Support of Provisional Class Certification; Preliminary Approval of Class Action Settlement; and Approval and Distribution of Notice of Settlement* via the Court's CM/ECF system, which caused a copy of the same to be served upon all counsel of record via ECF.


*s/ Suzanne E. Bish*