**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ERIKA WILLIAMS, JAMES TULLY, WALTER RICHARDSON, and MICHAEL FRANK, *et al.*, individually and on behalf of others similarly situated, | : : : : : | **No.: 14-cv-1981** |
| Plaintiffs, | : : | |
| v. | : : | **Honorable John J. Tharp, Jr.** |
| WELLS FARGO ADVISORS, | : : | **Jury Trial Requested** |
| Defendant. | : : : : : | |

**[PROPOSED]**
**ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS AND COLLECTIVE ACTION SETTLEMENT**

On _____, the Court heard an unopposed motion for preliminary approval of a

settlement of a putative class and collective action by ERIKA WILLIAMS, JAMES TULLY,

WALTER RICHARDSON, and MICHAEL FRANK (referred to as "Named Plaintiffs"), on

behalf of themselves and all others similarly situated, and Defendant WELLS FARGO

ADVISORS, LLC (referred to as "Defendant"). The Court has considered the Settlement

Agreement ("Agreement"), and its attached exhibits, and the submissions of counsel, and hereby

finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this order (the "Approval

Order") will have the same meaning as defined in the Agreement.

1

2.     The Court has jurisdiction over the subject matter of this action, the Named

Plaintiffs, the Settlement Class Members, including the FLSA Collective Members and the State

Law Class Members, and Defendant.

3.     The Court finds on a preliminary basis that the settlement memorialized in the

Agreement, filed with the Court, is fair, adequate, and reasonable, and meets the requirements

for preliminary approval.

4.     The Court grants preliminary approval of the parties' Agreement.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court

conditionally certifies, for settlement purposes only (and for no other purpose and with no other

effect upon this or any other action, including no effect upon this action should the Settlement

not ultimately be approved), a Settlement Class comprised of the following five classes:

a.  All individuals who were employed by Defendant in New York as an FA

Trainee at any time from January 1, 2009, through December 31, 2016 (the

"New York Class");

b.  All individuals who were employed by Defendant in Florida as an FA

Trainee at any time from November 4, 2009, through December 31, 2016 (the

"Florida Class");

c.  All individuals who were employed by Defendant in Illinois as an FA Trainee

at any time from January 1, 2009, through December 31, 2016 (the "Illinois

Class");

d.  All individuals who were employed by Defendant in California as an FA

Trainee at any time from November 4, 2010, through December 31, 2016 (the

"California Class"); and

     e.   All individuals employed by Defendant in any state as an FA Trainee at any

        time from November 4, 2011, through December 31, 2016 (the "FLSA

        Collective").

Collectively, the classes shall be referred to as the Settlement Classes.

6.     The Court appoints, for settlement purposes only, Plaintiff Erika Williams as

Class Representative of the Illinois Class, Plaintiff Michael Frank as Class Representative of the

New York Class, Plaintiff James Tully as Class Representative of the Florida Class, and Plaintiff

Walter Richardson as Class Representative of the California Class. The Court further appoints,

for settlement purposes only, Plaintiffs Williams, Richardson, and Frank as Class

Representatives for the FLSA Collective.

7.     The Court appoints, for settlement purposes only, the following attorneys as

"Class Counsel" for the Settlement Classes: Linda D. Friedman, Suzanne E. Bish and George

Robot, of Stowell & Friedman, Ltd.; and J. Bryan Wood, of The Wood Law Office, LLC.

8.     The Court approves Epiq Class Action & Claims Solutions, LLC, or such other

administrator as agreed to by the parties, as the Claims Administrator to perform duties in

accordance with the Agreement.

9.     Pursuant to Fed. R. Civ. P. 53, the Court appoints Lynn P. Cohn, Center on

Negotiation and Mediation, Northwestern University School of Law, as a Special Master and

grants her authority to fulfill the responsibilities of the Special Master set forth in the Agreement.

10.    The Court finds that the procedures for notifying the State Law Class Members

and FLSA Collective Members about the Settlement as described in the Agreement provide the

best notice practicable under the circumstances and therefore meet the requirements of due

process, and directs the mailing of the Notices and Claim Form in accordance with the Agreement.

11.     The Court approves, as to form and content, the proposed Notice (attached to the Agreement as Exhibit C) and the proposed Claim Form (attached to the Agreement as Exhibit B).  The Court hereby grants authority to the Special Master to modify the Claim Form as the Special Master deems necessary for purposes of effectuating the Agreement.  The Claims Administrator is authorized to mail the Notice and Claim Form, after they are updated with the appropriate dates and deadlines consistent with the Agreement, and/or modified by the Special Master consistent with the Agreement, to the State Law Class Members and FLSA Collective Members as provided in the Agreement.

12.     Any written objection to the Agreement by a Qualified State Law Class Member must be filed with this Court no later than the Claim Form Deadline.

13.     Pending the Court's decision on final approval of the Agreement and entry of the Court's Final Order and Judgment, members of the Settlement Classes shall be barred and enjoined from:  (a) further litigation in this Lawsuit; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on a class or collective action basis any action, claim or proceeding against Defendants in any forum in which any of the claims subject to the Agreement are asserted, or which in any way would prevent any such claims from being extinguished, except as related to lawsuits specifically excluded in the Agreement; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action in any forum that involves any such claims.

14.     In the event that the Effective Date as defined in the Agreement does not occur, the Settlement and the Agreement shall be deemed null and void and shall have no effect

whatsoever, other than Section 2.11 of the Agreement, the allocation of settlement administration expenses in Section 2.1, the non-disclosure provisions in Section 3.11, and the non-admission provisions in Section 3.10, which shall remain in effect.  In such case, nothing in the Agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in this action or any other matter.

15.     The parties are ordered to carry out the Settlement according to the terms of the Agreement.

16.     The Court will conduct a Fairness Hearing on _____, 201_ at _____ a.m./p.m. for the purposes of:  (a) making a final determination of the fairness, adequacy, and reasonableness of the Settlement terms and procedures; (b) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and Service Awards to the Named Plaintiffs serving as Class Representatives; (c) hearing any timely and properly filed objections; and (d) entering Judgment.  The Fairness Hearing may be continued without further notice to the State Law Class Members and FLSA Collective Members.  The Plaintiffs shall file their motion for final approval of the settlement of the State Law Class claims, and Class Counsel shall file their motion for attorneys' fees and costs and service awards on or before _____, 2017.

**IT IS SO ORDERED**.

Dated: _____, 2017

_____
                                        The Honorable John J. Tharp, Jr.