# Exhibit G

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIKA WILLIAMS, JAMES TULLY, WALTER RICHARDSON, and MICHAEL FRANK, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br> v.<br><br>WELLS FARGO ADVISORS, LLC,<br><br>   Defendant. | Case No. 1:14-cv-1981<br><br>Honorable John J. Tharp Jr. |

**DECLARATION OF GEORGE S. ROBOT IN SUPPORT OF PLAINTIFFS'
UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
SERVICE AWARDS, AND ATTORNEYS' FEES AND COSTS**

  I, George S. Robot, declare under penalty of perjury that the following statements are based on my personal knowledge and observations, and are true and accurate to the best of my belief:

  1. I have been employed at Stowell & Friedman, Ltd. ("Stowell & Friedman" or the "Firm") since September 1998 when I joined the Firm as an associate. I am currently a partner at the Firm.

  2. I am a 1996 graduate of Chicago-Kent College of Law. I am a member in good standing of the Trial Bar for the Northern District of Illinois and the Illinois State Bar.

  3. I have been involved with the *Williams v. Wells Fargo* case since its inception, devoting nearly 450 hours to the case and having participated in every aspect of the litigation.

## COSTS

  4. Since Stowell & Friedman was first retained in this case, we have worked diligently to represent the interests of our clients. In doing so, the Firm incurred expenses of

$24,792.23 as summarized in the table below. We are seeking reimbursement in the amount of $23,613.23.

| Category | Amount |
|---|---|
| **COSTS/FEES** | |
| Court Reporter Fees | $557.50 |
| Expert Consultants | $4,828.00 |
| Filing and Filing Related Fees | $400.00 |
| Printing/Reproduction | $229.26 |
| Mediation Fees | $9,200.00 |
| Travel Expenses | $7,506.11 |
| Ground Transportation (Taxi/Mileage/Parking/Tolls) | $493.70 |
| Meals | $398.66 |
| | |
| **TOTAL** | **$23,613.23** |
| | |
| **COSTS/FEES NOT BILLED TO CLASS** | |
| Legal Research/Online Fees | $2.09 |
| Photocopy | $1,061.26 |
| Misc. Costs | $107.65 |
| Facsimile | $8.00 |
| | |
| **TOTAL** | **$1,179.00** |
| | |
| **NET COSTS TO CLASS** | **$24,792.23** |

5. Stowell & Friedman employed a person dedicated to the function of bookkeeping throughout this litigation and also retains an accounting firm to periodically review books and records.

6. Costs are logged by our bookkeeper for all cases. However, on contingency or class cases, bills are not generated on a monthly basis. Therefore, we maintain a system that will allow us to account for expenditures on cases.

7. In the course of preparing this Declaration, I have become familiar with our bookkeeper's methodology in dealing with costs relating to client matters, which is as follows:

    a. Invoices received by the Firm are directed to our bookkeeper.

b. Upon receipt, he reviews them to ascertain proper allocation to client account numbers.

   i. If there is uncertainty as to the proper client, he asks the attorneys for clarification; and

   ii. Any invoices that should properly be allocated to multiple clients are sub-allocated to those client codes.

c. The invoice is then entered into the accounting and billing software, ensuring that the proper client account number and billing category is recorded.

d. Checks are issued from the Firm's bank account, matched to the proper invoice, and are mailed to the appropriate vendor.

e. Banking statements are reviewed for proof and accuracy of payment.

8. I worked with our bookkeeper to prepare this Declaration and the table above, employing the following methodology:

a. Our bookkeeper generated report in excess of 50 pages from our billing software itemizing by date and billing category all costs associated with the case number recorded in the system.

b. The report reflected the input of numerous pages of individual invoices dating back to 2014, copies of which are maintained in a large binder in our offices in the ordinary course of business.

c. The report also summarized the costs incurred by the various billing categories that were created by our Firm's bookkeeper. These line items in the report were verified for consistency with the category charged and, if necessary, were checked against the invoice for further detail.

3

    d. Over the three-and-a-half-year billing history of this case, new billing categories have been added periodically. Where possible, I have merged related categories in the above table. For example, the "Consulting Services" category has been combined with the newer category of "Experts Services" to create the master category of "Expert Consultants."

9. Although our Firm is small, we have undertaken a number of measures that benefit our clients by creating efficiencies that are generally not available at firms like ours without incurring the hourly expense of costly consultants. We also make effective use of staff to perform non-lawyer tasks wherever possible. Examples of these measures include:

    a. Stowell & Friedman employs a full-time long-term information technology employee who is also an attorney. We have not billed any of his time on data tasks but have billed his time on legal tasks. He performs a number of data tasks that would otherwise be outsourced, including:

        i. the creation and maintenance of client tracking and information management databases;

        ii. backups of servers and individual computer systems;

        iii. receiving, logging, and testing electronic and data discovery;

        iv. importing and performing necessary conversions of data files into file formats usable on our system;

        v. formatting and transmittal of data to expert consultants and related troubleshooting;

        vi. generation of data files and electronic files for transmittal to opposing counsel; and

4

      vii.    maintenance of the Firm's website including updates and active links relating to this lawsuit.

  b.  We insisted on receiving all documents and document discovery in electronic form, not only to conserve paper but to limit hard copies wherever possible. This practice included the use of emails to reduce the costs of postage and printing, when possible.

  c.  We also have a full-time employee who coordinates attorney and client travel and is able to negotiate bulk rates with hotels and to ensure the best rates for air travel.

  d.  We maintain a high staff-to-lawyer ratio and rely on paralegals to perform appropriate non-lawyer tasks that would otherwise be performed by associate attorneys.

  e.  We have negotiated a bulk rate for online research. Although the online services provide bills that include the actual costs of research, only the proportionate share of the monthly bill is included in our costs. In instances where we ventured outside our negotiated plan, those actual surcharges will be reflected in our billed total.

10.    Stowell & Friedman is not seeking reimbursement for certain other categories of charges:

  a.  Legal research costs of $2.09;

  b.  Miscellaneous costs of $107.65;

  c.  Photocopy costs $1,061.26;

  d.  Facsimile costs totaling of $8.00.

The sum of these exclusions is $1,179.00.

11. The billing summary contained above is the result of my efforts to reduce our sizable volume of invoices into a manageable summary for use by this Court. In the event that the Court would like further clarification, I will bring the supporting documentation to the Fairness Hearing to address the Courts questions or concerns.

I declare under penalty of perjury that the foregoing is true and correct.

Signed on November 21, 2017 by:

*/s/ George S. Robot*
George S. Robot